## Abstract of the Decision.

1. OFFICERS, § 24*—*how resignation of office may be made.* A resignation of a public office may be either express or by implication.

2. OFFICERS, § 24*—*what constitutes resignation of police officer.* The action of a city marshal in surrendering the insignia of his office and the property of the city in his possession, after receiving a letter from the mayor requesting such resignation and making no attempt thereafter to perform the duties of the office, *held* a resignation of the office.

3. MUNICIPAL CORPORATIONS, § 1237*—*what is effect of award of execution against.* It is reversible error, in rendering judgment against a municipal corporation, to award an execution therefor against it.

---

## I. J. Brooks, Appellee, v. Charles L. Laws, Appellant.

### (Not to be reported in full.)

Appeal from the Circuit Court of Montgomery county; the Hon. THOMAS M. JETT, Judge, presiding. Heard in this court at the April term, 1916. Reversed with finding of facts. Opinion filed October 13, 1916.

## Statement of the Case.

Action by I. J. Brooks, plaintiff, against Charles L. Laws, defendant, as surety on a promissory note for $1,000 payable to the plaintiff and his wife. From a judgment for plaintiff for the principal sum and interest, defendant appeals.

The defenses relied upon at trial were that the note had been materially altered with the consent of the plaintiff and without the knowledge or consent of the defendant, and that the note had been extended

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

for a definite period of time and for a valuable consideration without the knowledge or consent of the defendant.

MILLER & McDAVID and HILL & BULLINGTON, for appellant.

LANE, DRYER & BROWN, for appellee.

MR. JUSTICE ELDREDGE delivered the opinion of the court.

## Abstract of the Decision.

1.  PRINCIPAL AND SURETY, § 54*—*when evidence shows alteration in interest rate of note.* In an action against a surety on a promissory note, evidence *held* to show that the note had been materially altered by raising the interest rate with the knowledge and consent of the plaintiff, payee, and without the knowledge of the defendant.

2.  PRINCIPAL AND SURETY, § 54*—*when evidence shows extension of time by holder of note.* In an action against a surety on a promissory note, evidence among other things, that at the maturity of the note the plaintiff, the payee, received from the maker $10 more than the accrued interest charge according to the tenor of the note, *held* tended to show that the time of payment had been extended by the plaintiff without the consent of the defendant.

3.  PRINCIPAL AND SURETY, § 39*—*what essential to enforceable promise to pay discharged debt.* The promise by which a discharged debt is revived must be clear, distinct and unequivocal. The mere recognition or acknowledgment of such a debt does not create a legal obligation to pay it. There must be an express promise to pay the debt, and even the payment of part of the principal or the interest without any express promise will not revive the obligation.

4.  PRINCIPAL AND SURETY, § 39*—*when new promise by surety on note will not support action.* In an action against one of five sureties on a promissory note, the payment of which had been extended by the payee, the plaintiff, without the consent of the defendant, a statement by the defendant that he was willing to do what was right and to pay one-fifth of the note, *held* not a new promise to pay the note on which an action for the full amount could be maintained.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.